IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAMON TILLMAN,                          :          CIVIL ACTION
                                        :
        v.                              :
                                        :
                                        :
TEAM CLEAN, INC. *et al.*,              :          NO. 25-1704

MEMORANDUM OPINION AND ORDER

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                              February 27, 2026

Pending before the court is Plaintiff Damon Tillman's Motion to Remand, which asks the undersigned to remand the instant action due to lack of subject matter jurisdiction and a procedural defect in the removal process. ECF No. 39. Defendant Stadium Casino RE, LLC d/b/a Live! Casino and Hotel Philadelphia ("Live Casino, LLC") opposes the Motion. ECF No. 40. The Motion is **DENIED** because the Court has subject matter jurisdiction based on complete diversity and because any procedural defect in removal is excused under a recognized exception.

I.       BACKGROUND & PROCEDURAL HISTORY

Plaintiff filed the present civil action in the Court of Common Pleas of Philadelphia County against Defendants Live Casino, LLC and Team Clean on April 1, 2025, alleging that personal injuries resulted from a slip and fall near an elevator in a building owned and operated by Defendants. Pl. Br. at 3. The following day, pursuant to 28 U.S.C. § 1446, Defendant Live Casino, LLC filed a Notice of Removal to the United States District Court for the Eastern District of Pennsylvania, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* In its Notice of Removal, Live Casino, LLC stated that Plaintiff is a citizen of Delaware. Not. of Removal ¶ 5. It further stated that Live Casino, LLC has its principal place of business in Baltimore, Maryland, is

1

a foreign limited liability company registered in Delaware, and has members domiciled in Maryland and Texas. Not. of Removal ¶ 6. The Notice also stated that Team Clean, Inc., a Pennsylvania corporation, had not been served with the Complaint at the time of removal and, therefore, was not a properly joined and served party. Not. of Removal ¶¶ 13, 15.

In the present Motion to Remand, Plaintiff contends that the Court lacks subject matter jurisdiction because (1) complete diversity is lacking, as both Plaintiff and Live Casino, LLC are citizens of Delaware, and (2) removal was procedurally defective because Defendant Team Clean neither joined nor consented to removal. Pl. Br. at 2-5. Live Casino, LLC in its Response in opposition to Plaintiff's Motion, argued that the Court has subject matter jurisdiction, because there is complete diversity between its members and the remaining parties to this action. Def. Resp. at 5-6.

## II.    DISCUSSION

Federal courts may exercise jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. However, this statute requires "complete diversity between all plaintiffs and all defendants." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

To determine whether complete diversity exists, federal courts must ascertain the citizenship of each party to the action to ensure that no plaintiff is a citizen of the same state as any defendant. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d at 419. The standard for determining citizenship differs depending on whether a party is a natural person, a corporation, or an unincorporated entity. A natural person is a citizen of the state in which he or she is domiciled.

2

*Id.* at 420.  A corporation is a citizen of both the state in which it is incorporated and the state where it has its principal place of business.  *Id.*   The citizenship of a limited liability company and other unincorporated entities is determined by the citizenship of each of its members.  *Id.* at 420.  "The state of organization and the principal place of business of an unincorporated association are legally irrelevant."  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d at 105.  Further, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be" to determine the entity's citizenship.  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d at 420 (citing *Hart v. Terminix Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)).

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to the federal district court embracing the place where the action is pending, provided the federal court could have exercised original jurisdiction over the matter.  A party seeking removal must (1) file a notice of removal in federal district court within thirty days after the defendant is served with the complaint, (2) include a short and plain statement of the grounds for removal, (3) sign the notice in accordance with Federal Rule of Civil Procedure 11, (4) attach copies of all process, pleadings, and orders served on the defendant in the state court action, and (5) receive consent from all other properly joined and served defendants ("rule of unanimity").  28 U.S.C. § 1446(a), (b).

The rule of unanimity requires that all properly joined and served defendants join in or consent to removal within thirty days of service of the complaint.  28 U.S.C. § 1446(b)(2)(A)-(B).  Failure to satisfy the rule of unanimity is excused where the non-joining defendant (1) is an unknown or nominal party, (2) was fraudulently joined, or (3) had not been served at the time of removal.  *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995).

A.  <u>Complete diversity of the parties exists</u>

First, Plaintiff argues that this court lacks subject matter jurisdiction because all the parties are not diverse.  Pl. Br. at 3-4.  Specifically, Plaintiff argues that Defendant Live Casino, LLC is a citizen of Delaware, like Plaintiff, because it is a Delaware corporation.  Pl. Br. at 3.  Plaintiff is correct that Live Casino, LLC was formed under Delaware law.  Not. of Removal ¶ 8.  However, because Live Casino, LLC is a limited liability company, an unincorporated entity, its citizenship is not determined by its state of formation, but by the citizenship of each of its members.

Live Casino, LLC's citizenship is diverse from that of all other parties.  Live Casino, LLC is solely owned by Stadium Casino Baltimore Investors, LLC, an unincorporated entity formed under Maryland law.  Def. Resp. at 6.  Because its sole member is also an unincorporated entity, the Court must trace citizenship through each layer of ownership. *See Zambelli Fireworks*, 592 F.3d at 420.  Stadium Casino Baltimore Investors, LLC has seven members, all of whom are domiciled in Maryland or Texas. Def. Resp. at 6.  Accordingly, Live Casino, LLC is a citizen of Maryland and Texas.  It is undisputed that Plaintiff is a citizen of Delaware and that Defendant Team Clean, Inc. is a citizen of Pennsylvania.  *Id.*; Pl. Br. at 3.  In as much as no party to this action is a citizen of Maryland or Texas, complete diversity exists.

### B.  Failure to follow the Rule of Unanimity is excused

Plaintiff next argues that removal was procedurally defective because Defendant Team Clean did not consent to removal.  Plaintiff does not provide any additional support for this argument, and Defendant Live Casino, LLC did not respond to this argument in its opposition brief.  Still, Plaintiff's argument fails.

Plaintiff filed his Complaint in the Philadelphia Court of Common Pleas on April 1, 2025, Pl. Br. at 2; Defendant Live Casino, LLC, removed the case the following day, on April 2, 2025.

4

*Id.* Live Casino, LLC fulfilled the general requirements for removal on April 2, 2025, because the Notice of Removal included a short and plain statement of the grounds for removal, attached the Complaint, the only pleading of record at the time, and included a signature in accordance with Federal Rule of Civil Procedure 11.  28 U.S.C.A. § 1446 (b).

Further, in its Notice of Removal, Live Casino, LLC stated that Team Clean, Inc., had not yet been served with the Complaint and was, therefore, not properly joined and served at the time of removal.  Hence, Live Casino, LLC's failure to get Team Clean to join in removal is excused pursuant to the third exception to the rule of unanimity and jurisdiction before this court remains proper. Consequently, there is no procedural defect in Live Casino, LLC's removal of the case.

### III.    CONCLUSION

Accordingly, Plaintiff's Motion to Remand is **DENIED**. The Court has diversity jurisdiction.  Furthermore, Defendant Live Casino, LLC's failure to join Team Clean in its removal is excused because Team Clean had not been served with the Complaint at the time of removal. An implementing Order shall follow.